Argued February 1, affirmed February 20, 1973

JONES, *Appellant, v.* DISCOUNT
FABRICS, INC., *Respondent.*

506 P2d 537

*Thomas A. Huffman,* Hillsboro, argued the cause for appellant. With him on the brief were Huffman and Zenger, Hillsboro.

*Dennis R. VavRosky,* Portland, argued the cause for respondent. With him on the brief were McMurry & Nichols, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

The claimant, having suffered a compensable injury, was given a permanent partial disability award of 32 degrees. Being dissatisfied with that award, and with the orders of the hearing officer, Workmen's Compensation Board and circuit court refusing to increase the award, he has appealed to this court.

His principal contentions are that all of the triers of fact below (1) failed to find as accident-related a condition which he first complained of two and one-half months after the accident, and (2) failed to allow him compensation for certain medical and hospital expenses which were related to the condition which they found was not compensable.

As to the first issue, we quote in pertinent part from the order of the Workmen's Compensation Board,[1] with which we agree:

"The claimant was 37 years of age on September 29, 1969 when he fell from a ladder to a sitting position on the floor. He was diagnosed as having a compression fracture of the D-12 vertebra which was treated conservatively without hospitalization with use of a brace and rest at home for a few weeks.

"Pursuant to ORS 656.268, the permanent disability was evaluated at 32° or 10% of the maximum allowable for unscheduled injuries.

"One of the major issues arises from a condition which first manifested itself on December 13, 1969, over ten weeks following the accident. On that date he had eaten a large Chinese dinner topped with a glass of brandy when he experienced vomiting including blood. He was hospitalized for a few days and the tentative diagnosis was a

---

[1] This order is in substance a summary of the more-detailed opinion of the hearing officer.

'probable recurrent duodenal ulcer.' These problems are hereafter referred to as 'epigastric.'

"There is no indication of need for further medical care for the back which healed, but with some minimal deformity. If the claimant's pre-existing and recurrent epigastric problems are now materially related to the accident, there might be some justification for reopening the claim. The Board, however, concurs with the Hearing Officer and concludes from the weight of the evidence that the epigastric problems are not materially related to the accident of September, 1969.[2]

"The claimant's only residual disability is thus a rather minimal defect in form caused by the healing process. The minor impairment has not adversely affected the claimant's actual earnings nor does it appear that there is more than a possible nominal effect upon his earning capacity. His age, intelligence, experience and general capabilities reflect a prognosis that the injury will prove to have had no material effect upon his earnings."

The reports of numerous doctors are a part of the record. The notes of the principal attending physician do not disclose any complaint of "epigastric pain" prior to the December incident.[3] None of the

---

[2] The record discloses that claimant suffered from duodenal ulcers for a period of several years previous to the September 1969 accident. One doctor indicated that nervousness might well be the cause of claimant's recurrent epigastric problems. The claimant suffered a nervous breakdown several years before the accident in question.

[3] The testimony of this doctor was that any connection between the accident and the gastric pain would be speculative. The testimony of the only doctor who did connect this pain to the accident is not very convincing. He stated:

"I believe the chest pain probably is related to his fall, since he did not have it before the injury. * * * The pain I believe is subsiding * * *. It is my opinion that this will cause him no disability."

doctors were able to diagnose the exact cause of the epigastric pain. Our review of the record leads us to the conclusion as that reached by the prior triers of fact—that the claimant has failed to establish a relationship between his epigastric pain and the September 29, 1969, injury.

ORS 656.245 is dispositive of claimant's contention that his medical and hospital expenses related to treatment of the symptoms which occurred on December 13, 1969, were the responsibility of his employer. In pertinent part it reads:

"(1) For every compensable injury, the direct responsibility employer * * * shall cause to be provided medical services for conditions resulting from the injury * * *."

Affirmed.